UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER HAMILTON,

        Plaintiff,

Case No. 1:22-cv-336

Hon. Jane M. Beckering

v.

CHAD VORCE, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

**I.    Background**

On April 8, 2022, Plaintiff filed this action alleging various constitutional and state law claims against Defendants Chad Vorce, Clyde Smith, City of Dewitt and Bruce Ferguson (ECF No.1). On June 29, 2022, the case was stayed and administratively closed "pending a conclusion of the underlying criminal prosecution of Defendant Vorce". *See* Order (ECF No. 6).

This civil lawsuit was re-opened on September 18 2024. *See* Order (ECF No. 13). The Court entered a stipulated order in part, compelling discovery and extending certain case management order deadlines. *See* Order (ECF No. 31). The parties appeared before this Court on May 27, 2025, on Defendants City of DeWitt, Clyde Smith and Bruce Ferguson's Motion to Dismiss for Plaintiff's Failure to Comply with Court Order or in the Alternative to Compel Discovery Responses and Request for Sanctions (ECF No. 32). Defendants noted that,

> 2. Despite numerous requests for responses and despite having to adjourn the Plaintiff's deposition 4 times, Plaintiff failed to provide the sought after discovery. Ultimately Plaintiff stipulated to provide the discovery responses and this Honorable Court entered an order on 4/10/25 mandating that Plaintiff respond to said outstanding discovery "no later than April 15, 2025". See ECF No. 31.

  3. April 15, 2025 has come and gone. No responses have been provided. Plaintiff has failed to comply with this Honorable Court's duly entered order.

  4. Plaintiff's discovery responses are now more than five months overdue and are also overdue in violation of this Honorable Court's Order.

  5. To date, Defendant has been unable to carry out any meaningful discovery whatsoever to investigate Plaintiff's claims and/or establish their own defense.

Defendants' Motion at PageID.263. Defendants' motion included a request to dismiss the action as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Defendant Vorce joined in the motion (ECF No. 33).

  Defendants' motion was referred to the undersigned. During the motion hearing, counsel for plaintiff, Dustyn Coontz, expressed a desire to discontinue his representation and find substitute counsel for his client. The Court took defendants' motion under advisement pending the appearance of replacement counsel.

  On July 24, 2025, as an intermediate sanction, the Court awarded fees to defendants' counsel and ordered plaintiff's counsel to "reimburse Defendants City of DeWitt, Clyde Smith and Bruce Ferguson the sum of $902.50, and Defendant Chad Vorce the sum of $450.00." *See* Order (ECF No. 45).

  On August 15, 2025, Attorney Coontz filed a motion to withdraw as counsel citing an inability to competently or diligently assist his client. This Court granted the motion to withdraw and ordered plaintiff to obtain new counsel or file a notice of intent to proceed *pro se* within 28 days, advising plaintiff that failure to do so could result in dismissal for want of prosecution. In addition, the Court instructed Attorney Coontz to serve plaintiff with the Order and file proof of service for the same. *See* Order (ECF No 50.)

On September 17, 2025, Attorney Coontz filed a proof of service which confirmed that plaintiff had received an electronic copy of the Order and that a copy had also been mailed to plaintiff's current address (ECF No. 51.) However, the proof of service did not include the address to which the Order was mailed. To address this deficiency, the Court ordered Attorney Coontz to amend the proof of service to include plaintiff's address (ECF No. 52.) Attorney Coontz filed an amended proof of service on October 7, 2025, stating:

> On August 19, 2025, Coontz Law staff uploaded this Court's August 15, 2025, order allowing withdrawal of counsel [footnote omitted] to a file-sharing system that Alexander Hamilton has access to. On September 9, 2025, I confirmed that Alexander Hamilton had an electronic copy of the order and asked for his current mailing address. On September 17, 2025, the following address wasa [sic] provided: 1778 Northampton Rd., Apt. B9, Akron, OH 44313. A copy of the order was mailed to that location the same day.
>
> On October 7, 2025, upon checking our former office's mailbox, I discovered that the mail had been returned as undeliverable.

Amended Proof of Service re Order Allowing Withdrawal of Counsel (ECF No. 53).

Finally, defendant Vorce has filed a motion to dismiss for failure to prosecute (ECF No. 54). Vorce seeks an involuntary dismissal pursuant to Fed. R. Civ. P. 41(b), observing that "[t]he Court's withdrawal order expressly warned Plaintiff that failure to act could result in dismissal for want of prosecution", that "[t]his case has been abandoned" and that "[t]he court should dismiss with prejudice." Defendant Vorce served the motion via first class mail to plaintiff at the two addresses which appear in this lawsuit.[1] Plaintiff has not responded.

**II.    Discussion**

This Court examines four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

---

[1] Those being 4485 Fairlane Drive, Okemos, MI 48864 and 1778 Northampton Road, Apt. B9, Akron, OH 44313 (ECF No. 54, pageID.331).

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 Fed. Appx. 542, 545 (6th Cir. 2015).

The Court examines similar factors in dismissing an action as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(v):

> Rule 37(b)(2) provides that a district court may make any such order regarding the violation of a discovery order as is just. The choice of what sanction to impose is vested in the court's discretion. The court considers four factors in deciding whether to impose the drastic sanction of dismissal (against a plaintiff) or entering judgment (against a defendant): (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered.

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005).

Here, it appears that plaintiff did not address discovery while he was represented by counsel and has exerted no effort to litigate this matter since his attorney withdrew. As discussed, the Court's order allowing Attorney Coontz to withdraw gave plaintiff 28 days to obtain new counsel or "file a notice of intent to proceed *Pro Se*". PageID.314. The Court also advised plaintiff that, "[f]ailure to do so could result in dismissal for want of prosecution" and that "[i]f plaintiff intends to proceed *Pro Se*, he must keep the Court apprised of his current address and shall notify the Court within ten days when his mailing address changes." PageID.314-315. However, plaintiff has done nothing to advance his case in this Court and has not even advised the Court of his address. Based on this record, plaintiff has ignored Court orders, been warned that his failure to cooperate could result in a dismissal of the lawsuit, and has already had less drastic sanctions imposed. In addition, plaintiff's conduct has prejudiced defendants in this lawsuit. In

4

short, the record reflects that plaintiff has abandoned this lawsuit. Accordingly, defendants' motions to dismiss should be granted and plaintiff's lawsuit dismissed with prejudice.

### III. Conclusion

For all of these reasons, I respectfully recommend that defendants' motions to dismiss (ECF Nos. 32 and 54) be **GRANTED** and that this case be **DISMISSED** with prejudice.

Dated: December 12, 2025         /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).